JOURNAL ENTRY and OPINION
This is an appeal from guilty pleas accepted and sentences imposed by Judge Christine J. McMonagle. Appellant Edward J. Hyde, Jr. complains that his guilty pleas to aggravated vehicular homicide and three counts of aggravated vehicular assault, all with D.U.I. specifications, were not knowing, voluntary, or intelligent; that the judge erred in imposing the maximum sentence; that his lawyer was ineffective when acquiescing to the maximum sentence; and that the judge failed to advise him about post-release control. For the reasons that follow, we affirm.
At 10:00 p.m. on October 5, 1998, Hyde, a 45-year-old nurse, was operating a 1995 Oldsmobile sedan southbound on East 55th Street and, at the intersection of Chester Avenue, he drove the car left of center into the northbound lanes, striking a vehicle with five occupants head-on. As a result, a two-month old child was killed and the other four occupants injured. Hyde's breathalyzer test at the 5th District Police Station revealed a 0.166% alcohol reading.
On October 15, 1998, the Grand Jury returned a seven-count indictment charging Hyde with one count of aggravated vehicular homicide (R.C.2903.06), five counts of aggravated vehicular assault (R.C. 2903.08), and one count of driving under the influence of alcohol (R.C. 4511.19). Each of the homicide and assault charges carried an attendant D.U.I. specification as contained in the respective statutes. On December 2, 1998, Hyde withdrew his original not-guilty plea and pled guilty to the first four counts of the indictment: aggravated vehicular homicide and three counts of aggravated vehicular assault. The remaining aggravated vehicular assault and driving under the influence counts were nolled. In accordance with the terms of the plea agreement, the judge sentenced Hyde to concurrent terms of five years on the homicide count and one year on each of the assault counts, imposed a lifetime revocation of his driver's license, and ordered that he neither apply for nor be granted early release. The judge, however, did not advise him of the post-release control sanctions under R.C. 2967.28.
We granted Hyde's pro se motion for leave to file a delayed appeal, and he raises four assignments of error. He argues initially:
 I. APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY AND THUS VIOLATED THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
Hyde contends that the judge did not ascertain whether he personally agreed to the plea arrangement outlined by the prosecutor and, thus, failed to inform him of the effect of the plea in violation of Civ.R. 11(C)(2)(b). The record belies that assertion.
A judge properly accepts a defendant's plea of guilty to an offense when the record shows he substantially complied with the requirements of Crim.R. 11(C) and the totality of the circumstances shows the defendant subjectively understood the implications of his plea. State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; see, also, State v. Brahler (Oct. 12, 2000), Cuyahoga App. No. 76941, unreported.
The transcript of the plea and sentencing reveals the following:
 [THE PROSECUTOR]: * * * The plea agreement is that the defendant will plead to Counts 1, 2, 3 and 4 as charged with an agreed sentence of five years as well as the, of course, lifetime revocation of his driving privileges. There also is an agreement that there will be no early release of any nature applied for or granted, any kind of shock parole, probation or whatever. * * * [Emphasis added.]
Hyde's lawyer added: Your Honor, that does accurately reflect the sum and substance of our numerous pretrial discussion in this matter. * * * The judge then responded: Mr. Hyde, do you understand the statements made by the prosecutor and your attorney? Mr. Hyde replied, I do, your Honor. The judge then explained his constitutional and Civ.R. 11 rights, adding:
 Now in this case the first count of the indictment charges aggravated vehicular homicide with a DUI specification, Revised Code 2903.06, a non-probationable felony of the third degree. What we mean by non-probationable is if you plead guilty to these counts, that you will be sentenced to a state penal institution, and there is also a lifetime license suspension involved here. Felony of the third degree has a term of incarceration of one, two, three, four or five years, maximum fine of $10,000.
 The second, third and fourth counts of the indictment charge aggravated vehicular assault with a DUI specification, Revised Code 2903.08 which are non-probationable felonies of the fourth degree. Non-probationable once again means that you will be sentenced to a state penal institution. Felony of the fourth degree has a term of incarceration of 6, 7, 8, 9, 10, 11, 12, all the way up to eighteen months with a maximum fine of $5,000.
 Knowing all these, how do you wish to plead to the first count of the indictment, aggravated vehicular homicide with a DUI specification, a non-probationable felony of the third degree?
Hyde then pleaded guilty to the aggravated vehicular homicide count as well as to the three aggravated vehicular assault counts.
The judge immediately imposed sentence on the homicide charge stating, In compliance with the plea bargain that has been reached in this case, I'm sentencing the defendant to the Lorain Correctional Institution on Count 1 to five years. She then imposed a one-year sentence on each assault count, all counts to run concurrent to the others, and noted that [i]t is agreed no early release is to be granted or applied for by the defendant. He was given jail credit of fifty-seven days, and his driver's license was suspended for his lifetime.
The record affirmatively shows that Hyde was aware of the possible sentences, yet he agreed to the maximum sentence on the aggravated vehicular homicide count. See Brahler, supra. Because the record affirmatively shows that he was aware of the effect of his plea, the first assignment of error is overruled.
Hyde's second assignment of error states:
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON THE AGGRAVATED VEHICULAR HOMICIDE COUNT BY:
 (a) FAILING TO IMPOSE THE MINIMUM SENTENCE AS REQUIRED BY REVISED CODE SECTION 2929.14(B); AND (b) IMPOSING THE MAXIMUM SENTENCE IN CONTRAVENTION OF REVISED CODE SECTIONS 2929.14(C) AND 2929.19(B)(2)(e).
Hyde contends here that he should have been sentenced to a one-year minimum prison sentence because he had never served a prison term and the judge did not make the required statutory findings for imposing a greater sentence. He claims that the sentence must be reversed, absent any record findings to justify the maximum sentence, or a finding that he committed the worst form of the offense or possesses the greatest of likelihood to commit future crimes.
The five-year sentence imposed here is the maximum allowed for a felony of the third degree. R.C. 2929.14(A)(3). R.C. 2929.14(B) provides:
 if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Division (C) further provides that the sentencing judge may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders and upon certain repeat violent offenders. In addition, R.C.2929.19(B)(2)(e) requires the sentencing judge to make a finding that gives [the] reasons for selecting the sentence imposed * * * [i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree * * *[.] This section requires the judge not only to make the applicable finding but to provide for the record the reasons for making the finding. See State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131. We have interpreted Edmonson to require the sentencing judge to provide for the record both a category finding under R.C. 2929.14(C) and the reasons for that category finding. E.g., State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported. The failure to provide such information is reversible error requiring re-sentencing. Id.
The prosecutor contends, however, that Hyde's sentence is not subject to this court's review because it is authorized by law, i.e., does not exceed the maximum, and it was recommended by both parties. R.C.2953.08(D). As we concluded earlier, the sentence, while recommended by both parties, is not authorized by law because it does not conform to the mandates of Edmunson. While this error is subject to our review, it does not, however, constitute reversible error.
Hyde specifically agreed and accepted the maximum sentence for the aggravated vehicular homicide charge. Where a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the category finding requirement of R.C. 2929.14(C). To do otherwise would be a vain act. Under these circumstances, we conclude that Hyde waived his right to both a record category finding and the reasons for the category finding under R.C. 2929.14(C). The second assignment of error is overruled.
The third assignment of error states:
 III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS TRIAL COUNSEL ACQUIESCED TO THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE FOR THE OFFENSE OF AGGRAVATED VEHICULAR HOMICIDE.
Hyde contends that his lawyer's tacit approval to the plea agreement constitutes constitutionally ineffective assistance of counsel because he received a sentence greater than that to which he would have otherwise been exposed, given that he had never served a prison term. He also claims that, even if found guilty on all counts against him, his sentence would have been less than that which he is presently serving. The State disagrees, asserting that he faced the possibility of an additional thirty-six months in prison if he had gone to trial on all of the counts contained in the indictment.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Tollivar (July 31, 1997), Cuyahoga App. No. 71349, unreported; see State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 830. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373
at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus.
Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674,693 N.E.2d 267; State v. Williams (1991), 74 Ohio App.3d 686, 695,600 N.E.2d 298, 304, dismissed, motion overruled (1991) 62 Ohio St.3d 1463,580 N.E.2d 784. `[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .' Bradley, 42 Ohio St.3d at 142, 538 N.E.2d at 379-380, quoting Strickland, 466 U.S. at 689.
The Strickland test has been applied to allegations of ineffective assistance of counsel in entering a guilty plea. State v. Xie (1992),62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing Hill v. Lockhart (1985),474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. First, a defendant must show that his lawyer's performance was deficient and, second, that a reasonable probability exists that, but for his lawyer's errors, he would not have pleaded guilty. Xie, supra. Ordinarily, when a defendant enters a plea of guilty as part of a plea agreement, he waives all errors that may have occurred unless he can show that such errors prevented him from entering a knowing, voluntary and intelligent plea. State v. Barnett (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101, citing State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.
Hyde has not satisfied the first prong of Strickland, i.e., that his lawyer's performance fell below an objective standard of reasonable representation, because, while he claims that he would not have served the maximum sentence because he had not served a prison term, there is presently nothing of record (by affidavit or otherwise) to support that factual assertion. Moreover, the state dismissed two of the aggravated vehicular assault charges and the misdemeanor D.U.I. due to his lawyer's efforts. Because Hyde has failed to satisfy the first prong of Strickland, his third assignment of error is overruled.
The fourth assignment of error states:
 IV. THE TRIAL COURT ERRED AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(b)(3)(c) AND (e) WHICH REQUIRED THAT THE COURT INFORM APPELLANT THAT HE WOULD BE SUBJECT TO POST-RELEASE CONTROL.
Hyde submits that his sentence must be reversed because the judge failed to advise him both that he would be subject to post-release control upon his release from prison and what those sanctions could entail. The State counters that the issue is not yet ripe for review because he has not completed his prison sentence and is not yet subject to post-release control and, alternatively suggests that should we find the omissions to be reversible error, we should remand for the limited purpose of notification. We conclude, however, that the judge did not make the potential for and nature of mandatory post-release controls under R.C. 2967.28 part of Hyde's sentence. He is, therefore, not subject to post-release control, and this issue is moot.
Because aggravated vehicular homicide is a felony of the third degree which involves physical harm to a person, R.C. 2967.28(B)(3) requires the imposition of a mandatory three-year term of post-release control as part of a sentence. In pertinent part, R.C. 2929.19(B)(3)(c) requires a judge to notify such an offender of this post-release sanction:
 (3) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
(a) Impose a stated prison term;
* * *
 (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense as defined in section 2967.28 of the Revised Code, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
* * *
 (e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) * * * of this section, and if the offender violates that supervision, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.[1]
As the Supreme Court recently concluded, post-release control is part of the original judicially imposed sentence. Woods v. Telb (2000),89 Ohio St.3d 504, 512, 733 N.E.2d 1103. A judge must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. (Emphasis added.) Id. at paragraph two of the syllabus. In addition, a judgment of conviction must set forth the plea, the verdict or findings, and the sentence. Crim.R. 32(C). A judgment of conviction is effective only when entered on the journal by the clerk. Id.
While post-release control is mandatory when an accused is convicted of aggravated vehicular homicide, it apparently was not discussed during plea negotiations and was not discussed on the record during the course of Hyde's plea or sentencing. In addition, the judgment of conviction does not contain any reference post-release control as required by R.C.2967.28(B)(3).[2] Because a court speaks through its journal and neither the sentencing hearing transcript nor the judgment of conviction contains a sentence of post-release control, Hyde is not subject to post-release control. See State v. Rogers (Dec. 19, 1991), Cuyahoga App. No. 59651, unreported. The fourth assignment of error is moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. CONCUR; JAMES D. SWEENEY, P.J. CONCURS IN PART AND DISSENTS IN PART (SEE CONCURRING AND DISSENTING OPINION).
[1] As amended, S.B. 107 (eff. Mar. 23, 2000) and S.B. 22 (eff. May 17, 2000). At the time Hyde was sentenced, subdivision (e) contained a stricter notice requirement.
[2] In pertinent part, that section provides as follows:
 Each sentence to a prison term for a felony * * * of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board * * * a period of post-release control required by this division for an offender shall be [three years] [f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person * * * (Emphasis added).